UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MOHAMMAD RAHMAN and JOSE VARGAS,

            Plaintiffs,

    v.                                                Docket No.

JULY 96 CORP., MELITIOS MELETIOU, and
FANIS TSIAMTSIOURIS,                  COMPLAINT

            Defendants.
-------------------------------------------------------------x

Plaintiff Mohammad Rahman and Jose Vargas allege as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants have active operations in this District, Plaintiffs worked at Defendants' restaurant in this District, the events that give rise to this lawsuit occurred here, and this is the most convenient forum.

## PARTIES

3. Defendant July 96 Corp. ("July 96" or "City Diner") is a New York Corporation that owns and operates the City Diner located at 2441 Broadway, New York, NY 10024. The City Diner is a classic 24/7 diner restaurant located on the upper west side of Manhattan. 4. Defendant Melitios Meletiou ("Defendant Mel") is an owner and operator of the

1

City Diner. Defendant Mel worked in the Restaurant, managed the City Diner's books and employees, was responsible for issuing pay checks, hiring and firing employees, and creating the employee work schedule. Defendant Mel was Plaintiffs' employer.

5. Defendant Fanis Tisamtsiouris ("Defendant Tisamtsiouris") is an owner and operator of the City Diner. Defendant worked in the Restaurant, managed the City Diner's books and employees, was responsible for issuing pay checks, hiring and firing employees, and creating the employee work schedule. Defendant Tisamtsiouris was Plaintiffs' employer.

6. Plaintiff Mohammad Rahman ("Rahman" or "Plaintiff Rahman") worked for Defendants as a line cook in the City Diner from at least 2000 through March 2020.

7. Plaintiff Jose Vargas ("Vargas" or "Plaintiff Vargas") worked for Defendants as a line cook in the City Diner from at least 2000 through March 2020.

## FACTS

8. Defendants committed the following acts willfully.

### Plaintiff Rahman

9. Plaintiff Rahman worked as a line cook for the City Diner for over two decades.

10. From at least 2015, Plaintiff Rahman consistently and routinely worked five days a week at the City Diner.

11. Plaintiff Rahman worked 11am to 9pm from Wednesday through Sundays at the City Diner.

12. Normally, Plaintiff Rahman was allowed a 45-minute meal break during each of his shifts.

13. As a result, Plaintiff Rahman worked approximately 46.25 hours per week from 2015 through March 2020.

14. However, Defendants normally paid Plaintiff Rahman for no more than 40 hours of work at the then current New York minimum wage hourly rate.

15. Thus, during this period, Defendants routinely and consistently did not pay Plaintiff Rahman for at least 6 hours of overtime per week.

16. For some weeks, Defendants paid Plaintiff Rahman for less than 40 hours of work, and on rare occasions Defendants paid Plaintiff Rahman for more than 40 hours of work, including for some amount of overtime pay. However, on these occasions, Defendants still did not pay Plaintiff Rahman for all of the hours he worked that week.

**Plaintiff Vargas**

17. Plaintiff Vargas worked as a line cook for the City Diner for approximately two decades.

18. From at least 2015, Plaintiff Vargas consistently and routinely worked six days a week at the City Diner.

19. Plaintiff Vargas worked at the City Diner every day of the week, except for Wednesdays.

20. Each day that Plaintiff Vargas worked, he worked from approximately 4pm-midnight.

21. Plaintiff Vargas did not take a meal break during his shifts.

22. As a result, Plaintiff Vargas worked at least 48 hours per week from 2015 through March 2020.

23. However, Defendants normally paid Plaintiff Vargas for no more than 40 hours of work at the then current New York minimum wage hourly rate.

24. For some weeks, Defendants paid Plaintiff Vargas for less than 40 hours of

work, and on rare occasions Defendants paid Plaintiff Vargas for more than 40 hours of work, including for some amount of overtime pay. However, on these occasions, Defendants still did not pay Plaintiff Vargas for all of the hours he worked that week.

### **Defendants' Fraudulent Recordkeeping**

25. Defendants paid Plaintiffs once a week.

26. Beginning in or around 2016, in response to lawsuits brought by other employees for wage and hour violations, Defendants began to implement superficial record keeping changes at the City Diner to make it appear that Defendants were complying with the wage and hour laws, when in fact Defendants continued to illegally underpay their employees.

27. For example, beginning around this time, Defendants instituted a time keeping system at the City Diner.

28. Defendants then required Plaintiffs to clock in and clock out when they worked at the City Diner.

29. However, Defendants explicitly instructed both Plaintiffs not to clock in or clock out on Sundays, even though both Plaintiffs worked every Sunday.

30. In addition, Defendants routinely instructed Plaintiffs to clock out before the end of their shift and then to continue working, or to wait a few hours after they began working at the beginning of their shift before clocking in. This occurred on a regular basis.

31. Defendants instructed Plaintiffs to clock in and clock out in a manner which would show that Plaintiffs did not work over 40 hours in a week, even though Plaintiffs routinely worked over 40 hours in a week. Defendants did this to avoid paying Plaintiffs for every hour they worked and to avoid paying Plaintiffs at the overtime premium rate.

32. As a result, Plaintiffs' timecards routinely and consistently did not reflect the

correct number of hours that Plaintiffs worked. In fact, Plaintiffs' timecards routinely and consistently reflected significantly less hours than the hours that Plaintiffs actually worked.

33. Defendants also forced Plaintiffs to sign a document every week stating that the number of hours reflected in their time sheets and pay checks was accurate, even though this was not the case.

34. Plaintiffs were required to sign these documents in order to receive their weekly paychecks. That is, Defendants refused to give Plaintiffs their weekly paycheck unless Plaintiffs signed these documents that misrepresented the number of hours that Plaintiffs worked.

35. Defendants did not provide Plaintiffs with written wage notices.

36. Defendants did not provide Plaintiffs with accurate wage statements. For instance, the wage statements Plaintiffs received did not contained the correct number of hours that Plaintiffs work or the correct amount of overtime pay.

## FIRST CLAIM FOR RELIEF
(FLSA Overtime Violations – 29 U.S.C. § 207)

37. Plaintiffs reallege and incorporate by reference all previous paragraphs.

38. Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

39. Defendants did not pay Plaintiffs one and a half times their regular rate for hours worked in excess of 40 per week.

40. Plaintiffs seek damages in the amount of their unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (New York Overtime Violations,
### N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4)

41. Plaintiffs reallege and incorporate by reference all previous paragraphs.

42. Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

43. Defendants did not pay Plaintiffs one and a half times their regular rate for hours worked in excess of 40 per week.

44. Plaintiffs seek damages in the amount of their unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (Minimum Wage Violations, N.Y. Lab. Law §§ 650 *et seq.*)

45. Plaintiffs reallege and incorporate by reference all previous paragraphs.

46. Throughout the statute of limitations period covered by these claims, Plaintiffs were routinely paid at the New York minimum wage rate.

47. Defendants did not pay Plaintiffs for every hour that they worked.

48. Plaintiffs seek damages in the amount of their unpaid minimum wage compensation, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (Deductions From Wages, N.Y. Lab. Law §§ 191, 193, 198)

49. Plaintiffs reallege and incorporate by reference all previous paragraphs.

50. Defendants illegally withheld money from Plaintiffs' earned wages and failed to pay Plaintiffs all of the wages they were owed in violation of New York Labor Law §§ 191 and

193.

51.     Plaintiffs seek damages in the amount of their withheld wages, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
**(Wage Notice and Statement Violations, N.Y. Lab. Law §§ 195, 198)**

52.     Plaintiffs reallege and incorporate by reference all previous paragraphs.

53.     Defendants did not provide Plaintiffs with the correct notices and statement required by N.Y. Lab. Law § 195.

54.     As a result of Defendants' unlawful conduct, Plaintiffs are entitled to an award of damages in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## SIXTH CLAIM FOR RELIEF
**(New York Spread of Hours Provisions,
N.Y. Comp. Code R. & Regs. Tit. 12, § 146-1.6)**

55.     Plaintiffs reallege and incorporate by reference all previous paragraphs.

56.     Plaintiffs had workdays that lasted more than ten (10) hours.

57.     Defendants willfully and intentionally failed to compensate Plaintiffs' one hour's pay at the basic New York minimum hourly wage rate when his workdays lasted more than ten (10) hours, as required by New York law.

58.     As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

(A) An award of damages, according to proof, to be paid by Defendants;

(B) An aware of liquidated damages and penalties, to be paid by Defendants;

(C) Costs of action incurred herein, including expert fees;

(D) Reasonable attorneys' fees and interest; and

(E) Such other and further relief as the Court deems just and proper.

Dated: New York, New York  JOSEPH & KIRSCHENBAUM LLP
November 22, 2021

By: *s/Michael DiGiulio*
Michael DiGiulio
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
212-688-5640
212-981-9587 (fax)