June 1, 2022

**VIA ECF**

Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

              Re:     Rahman, et ano v. July 96 Corp., et al.
                         Case No. 21-cv-9649 (S.D.N.Y.) – Fairness Letter Motion

Dear Judge Torres:

       This joint letter is submitted on behalf of Plaintiff Mohammad Rahman, Plaintiff Jose Vargas, and all Defendants in the above action. We write to respectfully request (1) that the Court approve the parties' settlement, including the settlement of the Fair Labor Standards Act ("FLSA") claim in this case, because the entire settlement is fair and reasonable and (2) that the Court so order the parties' stipulation of dismissal of all claims with prejudice. The parties' executed settlement agreement is submitted herewith as Exhibit 1, and the executed stipulation of dismissal is attached as Exhibit A to the settlement agreement. As required by *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), the parties now submit the settlement agreement for the Court's review.

       By way of background, Plaintiffs were employed by Defendants as line cooks for roughly twenty years ending in April 2020, when the Covid-19 pandemic arrived in New York and Defendants terminated Plaintiffs' employment. Plaintiffs allege that during their employment, Defendants failed to pay them for every hour they worked, including for overtime hours, failed to pay them the New York minimum wage, failed to pay them the spread of hours premium, and failed to provide adequate wage notices and wage statements. Plaintiffs bring claims under the FLSA and the New York Labor Law ("NYLL"). Defendants deny Plaintiffs' allegations and contend that they lawfully paid Plaintiffs everything that is owed to them.

       On December 1, 2022, this Court ordered the parties to attend a mediation. The Court assigned Epifanio Castillo Jr., Esq., to mediate the case. Mr. Castillo has extensive mediation and FLSA experience in this District. Before the mediation, the parties exchanged relevant payroll and time keeping documents. On January 26, 2022 the parties attended a virtual mediation. After a fruitful day of mediation, and on the advice of the mediator, the mediation was adjourned to allow the parties to exchange further documentation and conduct a deeper analysis of the claims in the case. Defendants then produced voluminous time and pay records, which Plaintiffs reviewed and analyzed.

       On March 24, 2022, the parties attended the second session of the virtual mediation. During this session, the parties made progress towards a resolution, and, by March 31, 2022, the parties

1

reached a settlement in principle. The Parties agreed to resolve all of the claims in this action, including the FLSA claims, for $30,000.

To determine whether an FLSA settlement is "fair and reasonable," the court considers five factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Zamora v. One Fifty Fifty Seven Corp.*, no. 14-cv-8043, 2016 U.S. Dist. LEXIS 49286, at *2 (S.D.N.Y. Apr. 1, 2016) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). As set forth more fully below, the settlement is fair and reasonable and thus, should be approved. *See generally Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).

The attached Settlement Agreement is fair and reasonable. The parties took into account that: (A) Defendants strenuously disputed the amount of time Plaintiffs claimed they worked per week, (B) Defendants produced substantial documentation (i.e., time and pay records) that directly contradict Plaintiffs claims that they were underpaid and worked significant overtime, and (C) the settlement provides for a quick receipt of a significant and reasonable portion of Plaintiffs "unpaid wages" damages without the inherent risk and time of litigation. *See generally, Mobley v Five Gems Mgt. Corp.,* 17-Civ.-9448 2018 US Dist LEXIS 59104 at *4 (S.D.N.Y. April 6, 2018)(J. Failla) (listing similar considerations). During the mediation, Plaintiffs estimated that their total claimed wage and hour compensatory damages was approximately $55,000. However, Plaintiffs' claims may have been very difficult to prove at trial in that, while Plaintiffs dispute the veracity of these records, Defendants had substantial documentation showing that Plaintiffs were not underpaid. Faced with this serious litigation risk, Plaintiffs decision to settle for a sum certain is reasonable.

In addition, due to the financial effects of the Covid-19 pandemic, Plaintiffs are reasonably concerned about Defendants' ability to pay. Defendants operate a restaurant in Manhattan, and it is no secret that restaurants have had a hard time navigating the pandemic. Thus, even if Plaintiffs prevail and are awarded a larger judgment, it is unclear whether Defendants would be able to pay. In light of this serious risk, it is more than reasonable for Plaintiff to accept a sum-certain settlement now. *See, e.g.*, *Asque v. S&W Supermarket, Inc.,* Case No. 19-cv-9426, 2020 U.S. Dist. LEXIS 103969 at *1-2 (S.D.N.Y. June 15, 2020) (noting that "in light of defendants' financial situation during the COVID-19 pandemic, Plaintiffs have expressed serious concerns about collectability…which militates in favor of finding a settlement reasonable"); *Villanueva v. 179 Third Avenue Rest. Inc.*, No. 16-cv-8782 (AJN), 2018 U.S. Dist. LEXIS 116379, at *5 (S.D.N.Y. July 12, 2018) ("Obstacles to collection may justify a reasonable settlement for an amount less than the maximum amount Plaintiffs might have recovered otherwise."); *see also Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y 2013) (collecting cases that "recognize[] that potential difficulty in collecting damages militates in favor of finding a settlement reasonable.").

Additionally, this settlement was the product of an extensive arms-length mediation between the parties conducted with the benefit of two lengthy sessions with an excellent third-party mediator. The settlement agreement itself does not contain any offensive confidentiality

provisions or any impermissible releases. Plaintiff has agreed to release Defendants only from their wage and hour claims, including their FLSA claims. Agreement ¶ 2. Such narrowly tailored wage-and-hour releases are routinely approved in this Circuit. *See, e.g.*, *White v. Banana Kelly Cmty. Improvement Assoc.*, No. 17-cv-8105 (HPB), 2018 U.S. Dist. LEXIS 195892, at *5-6 (S.D.N.Y. Nov. 16, 2018) (citing cases).

Finally, Plaintiffs' attorneys' fees are also not excessive. Plaintiffs' attorneys' fees/costs under the agreement constitutes 1/3 of the total settlement amount – $10,000. This includes $582.00 in costs ($402 filing fee, and $180 for service on three Defendants). *See* attached, Exhibit 2. Moreover, this attorneys' fee award is significantly less than Plaintiffs' Counsel's lodestar, which is $17,255. Plaintiffs' counsel's time and labor warrants the requested fee. Plaintiff's counsel (1) met with Plaintiffs multiple times to learn the relevant facts and reviewed Plaintiffs' documents, (2) drafted and filed a complaint, (3) prepared a mediation statement, (4) met with Plaintiffs' to prepare for mediation, (5) analyzed a significant number of Defendants' documents in preparation for and during the mediation, (6) attended two separate mediation sessions, (7) engaged in extensive and successful settlement negotiations, and (8) drafted and reviewed settlement papers, including this motion. In total, Plaintiffs' counsel spent 49.3 hours on this action.[1] Plaintiffs' lodestar in this action is $17,255, which is more than the requested fee and cost award.[2] Thus, the $10,000 that is allocated to Plaintiffs' counsel in the settlement agreement amounts to 62% of the lodestar amount (even without taking into account costs). Because this lodestar multiplier is less than one, this Court may find the "fees presumptively reasonable" and "need not assess the reasonableness of the rates charged." *Villanueva*, 2018 U.S. Dist. LEXIS 116379, at *8. As such, the fee award is objectively reasonable.

Further, under Plaintiffs' contingency fee engagement agreement, Plaintiff's counsel is entitled to request out of the total recovery one-third in attorneys' fees and the recovery of costs. The "percentage of the settlement amount" method for determining a reasonable fee is "appropriate and commonly applied in FLSA cases" in this Circuit. *Velasquez v. Digital Page, Inc.*, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016); *accord Fang Xiao v. Grand Sicuan Int'l St Marks, Inc.*, No. 14-cv-9063, 2016 U.S. Dist. LEXIS 99669, at *6–7 (S.D.N.Y. July 29, 2016) (applying the percentage of the fund method); *see also McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010) (observing that "the trend in this Circuit is toward the percentage of the fund method"). Using this method, "attorneys' fee awards of one third or less of the total settlement amount are generally accepted" in this Circuit. *Cionca v. Interactive Realty, LLC*, No.

---

[1] Plaintiffs' counsel has extensive experience representing employees in wage and hour actions. Joseph & Kirschenbaum LLP ("JK") is a law firm dealing almost exclusively with employee rights. Specifically, the firm represents employees in wage/hour and employment discrimination matters. The only biller in this case is Michael DiGiulio (undersigned). Michael DiGiulio graduated from Vermont Law School in 2014 and joined JK in 2020. Prior to joining JK, Mr. DiGiulio clerked on the United States Court of Appeals for the Second Circuit and practiced as an associate attorney for Super Law Group. The majority of his docket consists of individual and class/collective wage and hour actions, and employment discrimination cases. Mr. DiGiulio's rate of $350 per hour is reasonable. *See Wen Bin Gao v. Lucky Brother Inc.*, Case No. 17-cv-8159, 2020 U.S. Dist. LEXIS 100811, at *4-7 (S.D.N.Y. June 9, 2020) (awarding associate rate of $350 in FLSA case); *Calixto v. Gomez Enters. USA Corp.*, Case No. 17-cv-9617, 2019 U.S. Dist. LEXIS 6592, at *5-6 (S.D.N.Y. Jan. 11, 2019) (awarding associate rate of $350 per hour for an attorney with 4 years of experience in an FLSA case). Mr. DiGiulio spent 49.3 hours on this case, for a total of $17,255.

[2] Should the Court require firm's full contemporaneous billing records, Plaintiffs will submit them to the Court upon request.

15-cv-5123, 2016 U.S. Dist. LEXIS 77372, at *5 (S.D.N.Y. June 10, 2016); *see also Torres v. Gristede's Operating Corp.*, 519 F. App'x 1, 5 (2d Cir. 2013) (characterizing one-third as the "standard contingency-fee level[]" in FLSA case); *Zeng Xiang Hiang v. Ai Chu Chiang*, No. 16-cv-1129 (HBP), 2016 U.S. Dist. LEXIS 142670, at *7 (S.D.N.Y. Oct. 14, 2016) ("Contingency fees of one third in FLSA cases are routinely approved in this Circuit.") (citing cases); *Cortes v. New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2016 U.S. Dist. LEXIS 79757, at *5 (S.D.N.Y. June 20, 2016) (fee award of one-third of settlement "consistent with contingency fees that are commonly accepted in the Second Circuit in FLSA cases" (quotation omitted)).

For the foregoing reasons, the parties jointly request that the Court approve the settlement agreement and so order the stipulation of dismissal. We thank the Court for its attention to this matter.

Respectfully Submitted,

/s Mike DiGiulio
Mike DiGiulio
Joseph & Kirschenbaum LLP
32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-564
*Attorneys for Plaintiff*