UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMAD RAHMAN and JOSE VARGAS,

                                    Plaintiffs,

             -against-

JULY 96 CORP., MELITIOS MELETIOU, and
FANIS TSIAMTSIOURIS,

                                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/5/2022

21 Civ. 9649 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

Plaintiffs Mohammad Rahman and Jose Vargas bring this action against Defendants July 96 Corporation, Melitios Meletiou, and Fanis Tsiamtsiouris, raising claims for, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and unpaid wages, illegally withheld wages, and wage notice and statement violations under the New York Labor Law ("NYLL") § 190 *et seq. See generally* Compl., ECF No. 1.  Having reached a settlement (the "Settlement"), ECF No. 28-1, the parties seek the Court's approval of their proposed agreement.  *See* Letter, ECF No. 28.  For the reasons stated below, the motion is DENIED without prejudice to renewal.

**DISCUSSION**

I.    Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202(a)–(b).  Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees."

*Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio*

*Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)).

Still, "counsel must submit evidence providing a factual basis for the award," including

"contemporaneous billing records documenting, for each attorney, the date, the hours expended,

and the nature of the work done." *Id.*

II.    <u>Analysis</u>

The Settlement provides Plaintiffs with a recovery of $30,000, with each Plaintiff

receiving $10,000, and their attorneys receiving the remainder.  Settlement ¶ 4.  During

mediation, Plaintiffs estimated their best-case recovery to be approximately $55,000, meaning

that the proposed settlement offer is roughly 54.55% of the possible recovery under Plaintiffs'

best-case scenario for damages.  Letter at 2.  But, Plaintiffs acknowledge their claims would have

likely been fairly difficult to prove at trial, in light of "substantial documentation" from

Defendants "directly contradict[ing]" Plaintiffs' claims.  *Id.*  Thus, any litigation would likely

have been expensive and protracted on both sides, and the Settlement provides for receipt of a

"significant and reasonable portion" of Plaintiffs' estimated damages "without the inherent risk

and time of litigation" for either party.  *Id.*

The parties note that in light of the financial effects of the COVID-19 pandemic, had

Plaintiffs prevailed through litigation, it is "unclear" whether they would be able to collect a

larger award from Defendants.  *Id.  See Lliguichuzhca*, 948 F. Supp. 2d at 365 (noting that

"potential difficulty in collecting damages militates in favor of finding a settlement reasonable").

In addition, the parties state that the Settlement was the product of an "extensive arms-length

mediation" conducted by a seasoned third-party mediator.  Letter at 2.  Plaintiffs were

represented by experienced counsel throughout the mediation.  *Id.* at 3 n.1.

However, the parties do not explicitly state that there was no fraud or collusion in the

3

negotiation of the Settlement, nor is it clear whether Defendants were represented by experienced counsel during the mediation. *See generally* Settlement. The Court cannot find, therefore, that the *Wolinsky* factors are met.

In addition, the Settlement contains a liability release clause only as to Defendants, which the Court finds improper in two respects. Settlement ¶ 2. First, the Settlement releases from liability numerous entities beyond Defendants alone. *Id.* Although the release clause is limited only to claims "pursuant to the Fair Labor Standards Act . . . and the New York Labor Law," *id.*, "when combined with the broad definition of '[r]eleasees,' the release—read literally—would have the . . . effect of releasing any wage and hour claims that [Plaintiffs] had against a wide range of unidentified individuals and business[es] only tenuously affiliated with [Defendants]." *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019). And, Plaintiffs are afforded no release from liability whatsoever. *See generally* Settlement. The Court cannot, therefore, conclude that the Settlement's release clause is "fair and reasonable" under *Cheeks*, and, accordingly, shall not approve the Settlement.

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to refiling a revised settlement agreement that (1) addresses the remaining *Wolinsky* factors; (2) narrows the release provision so as not to confer an unearned benefit on entities and individuals beyond the parties herein; and (3) limits release only as to <u>claims arising out of the same facts</u> that gave rise to the claims advanced in this action.

By **July 19, 2022**, the parties shall file their revised settlement agreement.

SO ORDERED.

Dated: July 5, 2022
      New York, New York

                                           _____
                                              ANALISA TORRES
                                    United States District Judge