# Exhibit 1

Confidential Privileged

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is made by and July 96 Corp., Melitios Meletiou, and Fanis Tsiamtsiouris, ("Defendants") and Mohammad Rahman and Jose Vargas ("Plaintiffs"). Plaintiffs and Defendants are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiffs and Defendants that resulted in Plaintiffs' filing a lawsuit in the United States District Court for the Southern District of New York (the "Court") titled *Rahman v. July 96 Corp., et al,* Civil Action No. 21-cv-09649 (the "Lawsuit"), in which Plaintiffs asserted, *inter alia*, that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay Plaintiffs at one and one-half times their regularly hourly rate for work in excess of forty (40) hours per week, failing to pay Plaintiffs for every hour they worked, failing to pay the spread of hours premium, and failing to provide adequate wage notice and statements, among other legal requirements;

WHEREAS, Defendants deny all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiffs' claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing of any Party, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiffs may have against Defendants, at any time through the date that Plaintiffs signs this Agreement.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

**1.   Dismissal of the Lawsuit.** The Parties agree to seek dismissal of all of Plaintiffs' claims in this Lawsuit, including FLSA claims, by filing with the Court a joint motion to approve this Agreement and dismiss the Lawsuit with prejudice. Plaintiffs authorize their counsel to execute the Stipulation and Order of Dismissal with Prejudice, attached as **Exhibit A**, and to submit any papers to the Court that are necessary to effectuate the dismissal of the Lawsuit and/or the full release of FLSA claims, and enforcement of the Agreement.

This Agreement is contingent on the Court approving the settlement of Plaintiff's claims and dismissing the Lawsuit with prejudice. In the event that the Court for any reason declines or fails to dismiss the Lawsuit with prejudice as contemplated by this Agreement, this Agreement shall be voidable. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement; the Parties shall proceed in all respects as though the Agreement had not been executed; nothing contained in this Agreement shall be used as an admission against either Party; and no Party to this Agreement shall be deemed to have waived or relinquished any rights, privileges, claims, or defenses by having entered into this Agreement. Notwithstanding the foregoing, the Parties may agree in a separate

writing to modify or alter this Agreement in order to obtain Court approval and dismissal of the Lawsuit with prejudice.

2. **Release of Claims.** In exchange for the consideration described in Paragraph 4 of this Agreement, Plaintiffs irrevocably and unconditionally waive, release, and forever discharge Defendants from any and all claims pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., and the New York Labor Law, that arise out of the facts that give rise to the claims in this action, including claims for unpaid wages, spread of hours premiums, and/or overtime compensation arising under the Fair Labor Standards Act, up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise.

Defendants irrevocably and unconditionally waive, release, and forever discharge Plaintiffs from any and all claims arising out of Plaintiffs' employment by Defendants, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise.

3. **No Admission of Liability.** This Agreement is entered into in compromise of disputed claims. The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration described herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Defendants. Plaintiffs further acknowledge that Defendants deny all allegations of wrongdoing. The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

4. **Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiffs in this Agreement, Defendants agree to pay Plaintiffs and Plaintiffs' counsel the total sum of $30,000.00 to be allocated in the following manner:

A check made payable to Plaintiff "Mohammad Rahman" for the sum of $10,000.00, as compensation for unpaid wages, from which deductions will be made for taxes and other withholdings, will be issued to Mr. Rahman.

A check made payable to Plaintiff "Jose Vargas" for the sum of $10,000.00, as compensation for unpaid wages, from which estimated deductions will be made for taxes and other withholdings, will be issued to Mr. Vargas.

A check made payable to "Joseph & Kirschenbaum LLP" for the sum of $10,000.00, as and for attorneys' fees and costs, for which Forms 1099 will be issued to Plaintiffs and their counsel, Joseph & Kirschenbaum LLP. Plaintiffs and their counsel will provide IRS forms W-9 prior to payment.

The payments in this section will be made within fifteen (15) days after all of the following events have occurred: (i) Plaintiffs sign this Agreement; (ii) the Parties' motion to approve this Agreement is granted by the Court; and (iii) the Lawsuit is dismissed with prejudice.

For these payments, the total sum allocated to Plaintiffs shall be treated as wages and subject to withholdings and income taxation. Defendants will issue an IRS Form W-2 to Plaintiffs for the settlement payment. Defendants shall issue a separate check to Joseph & Kirschenbaum LLP representing payment of Plaintiffs' attorneys' fees and Plaintiffs' litigation costs. Plaintiff's counsel's provision of an appropriately completed IRS Form W-9 shall be a condition precedent to such payment. Defendants shall issue IRS Forms 1099 to Joseph & Kirschenbaum LLP and to Plaintiffs for the full amount of such payment.

All payments contemplated by this Paragraph 4 shall be delivered by overnight delivery to Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, NY 10004, to the attention of Michael DiGiulio, or to such other address as may be directed by Plaintiffs' counsel.

Plaintiffs and Plaintiffs' counsel agree to indemnify and hold Defendants harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of Plaintiffs or Plaintiffs' counsel's failure to pay taxes for which Plaintiffs are responsible. Defendants do not make any warranty or representation to Plaintiffs or Plaintiffs' counsel regarding the tax consequences of any payments.

5. **Acknowledgments and Agreements by the Parties**. The Parties agree and acknowledge that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; that the Agreement is fair and reasonable; that they have consulted with their respective attorneys (who are experienced in litigating wage and hour claims) prior to signing this Agreement; that they have been given a reasonable amount of time to consider this Agreement; and that there was no fraud or collusion in the negotiation of the settlement. Plaintiffs also agree that absent this Agreement, they would not otherwise be entitled to the consideration specified in Paragraph 4 of this Agreement.

6. **Miscellaneous.**

(a) **No Waiver by Inaction.** The failure of any Party to insist upon strict adherence to any term of this Agreement shall not be considered a waiver as to that term or any other term in the Agreement.

(b) **Continuing Jurisdiction.** The Parties expressly consent to this Court's continuing jurisdiction over the Parties to administer and enforce the terms of this Agreement.

(c) **Construction.** The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, any rule of construction that any ambiguity or uncertainty in a writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

(d) **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of New York regardless of whether any party is, or may hereafter be, a resident of another state. Venue and jurisdiction for any dispute between the parties shall lie in the United States District Court for the Southern District of New York. However, if the District Court should refuse or decline to accept jurisdiction over the settlement

for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York County, New York.

**(e)** **Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the Parties to all of the counterparts had signed the same instrument. This Agreement may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g., via DocuSign), and may be delivered by electronic means. E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

**(f)** **Modifications.** No amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by the person or entity against whom enforcement is sought.

**(g)** **Severability.** The Parties agree that if any phrase, clause, or provision of this Agreement, other than Paragraph 2, is declared illegal, invalid, or unenforceable by a court of competent jurisdiction after this Agreement takes effect, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision of this Agreement, other than Paragraph 2, is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction after this Agreement takes effect, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If the release set forth in Paragraph 2 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part after this Agreement takes effect, then Plaintiff shall execute an additional or supplemental release agreement waiving any and all claims covered hereby. If Plaintiff refuses to execute an additional or supplemental limited release agreement, Plaintiff shall return, upon demand by Defendants, all payments made hereunder.

**[SIGNATURE PAGES FOLLOW]**

Dated: _____, 2020   By: _____
                                      JULY 96 CORP.

                                      _____
Dated: _____, 2022       MELITIOS MELETIOU

                                      _____
Dated: _____, 2022       FRANIS TSIAMTSIOURIS


Dated: 7/6/2022 , 2022                *Jose Vargas*
                                      JOSE VARGAS

Dated: 7/6/2022 , 2022                *Mohammed Rahman*
                                      MOHAMMAD RAHMAN

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMAD RAHMAN and JOSE VARGAS<br><br>Plaintiffs,<br><br>-v-<br><br>JULY 96 CORP., MELITIOS MELETIOU, and FANIS TSIAMTSIOURIS,<br>Defendants. | 21-cv-09649 (AT) |

## STIPULATION OF DISMISSAL WITH PREJUDICE

The parties in the above-captioned action, through their undersigned counsel, stipulate and agree as follows:

1) The Settlement Agreement and Release is fair and reasonable, and adequate to redress all of Plaintiffs' claims in this action and to compensate Plaintiffs' Counsel on their request for attorneys' fees and costs.

2) In accordance with Rule 41 of the Federal Rules of Civil Procedure, and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Parties respectfully request that all of the claims in this action be dismissed with prejudice and without costs or attorneys' fees to any party (other than those costs and attorneys' fees specified in the Settlement Agreement).

7

| | |
|---|---|
| KOUTSOUDAKIS & IAKOVOU LAW GROUP PLLC | JOSEPH & KIRSCHENBAUM LLP |
| By: _____ <br> Andreas Koutsoudakis <br> ~~90 Broad Street, 10th Floor~~ <br> 40 Wall St., 49th Fl. <br> New York, NY 10005 <br> (212) 404-8644 <br> New York, NY 10004 <br> (212) 386-7607 <br> *Attorneys for Defendants* <br> Dated: July 21, 2022 | By: _____ <br> Michael DiGiulio <br> 32 Broadway, Suite 601 <br> New York, New York 10004 <br> (212) 688-5640 <br> *Attorneys for Plaintiff* <br><br> Dated: July 7, 2022 |

SO ORDERED THIS ____ DAY OF _____, 2022.

_____
Hon. Analisa Torres
United States District Judge

8