```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MOHAMMAD RAHMAN and JOSE VARGAS,

                              Plaintiffs,

              -against-

JULY 96 CORP., MELITIOS MELETIOU, and
FANIS TSIAMTSIOURIS,

                              Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/13/2023_

21 Civ. 9649 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs, Mohammad Rahman and Jose Vargas, bring this action against Defendants, July 96 Corp., Melitios Meletiou, and Fanis Tsiamtsiouris, raising claims for, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and unpaid wages, illegally withheld wages, and wage notice and statement violations under the New York Labor Law ("NYLL") § 190 *et seq. See generally* Compl., ECF No. 1. Having reached a revised settlement (the "Revised Settlement"), ECF No. 32-1, the parties seek the Court's approval of their proposed agreement. *See* Letter, ECF No. 32. For the reasons stated below, the motion is GRANTED.

**DISCUSSION**

I.   Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a)–(b). Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees."

*Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the Department of Labor or a United States district court.  *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted).  To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award.  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted).  "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'"  *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)).

Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.     Analysis

On June 8, 2022, the parties jointly filed a proposed settlement agreement (the "Settlement"), ECF No. 28-1, and moved for settlement approval. ECF No. 28. The Court denied the request, finding that the parties had failed to sufficiently address the fourth and fifth *Wolinsky* factors and that the Settlement's release provision impermissibly conferred an unearned benefit on entities and individuals other than the parties and extended beyond claims arising out of the same facts that gave rise to the claims advanced in this action. Order at 3–4, ECF No. 31. For the reasons stated below, the Court concludes that the Revised Settlement remedies these deficiencies.

First, the parties' joint letter addresses the fourth and fifth *Wolinsky* factors. As to the fourth factor, the parties state that the Revised Settlement was reached "with the help of a court appointed mediator and was the result of extensive arms-length negotiating." Letter at 1. Further, both parties were represented by counsel, *id.* at 1–2, and "consulted with their respective attorneys (who are experienced in litigating wage and hour claims) prior to signing the [a]greement," Revised Settlement ¶ 5. Regarding the fifth *Wolinsky* factor, the parties explicitly state that "there was no fraud or collusion in the negotiation of the settlement." *Id.* The Court finds, therefore, that the fourth and fifth *Wolinksy* factors have been met. Because the prior settlement's terms satisfied the first three *Wolinsky* factors, *see* Order at 3, the Court concludes that the Revised Settlement also satisfies those factors for substantially the same reasons. Based on the Court's previous determination and

its analysis here, the Court holds that the Revised Settlement satisfies each of the *Wolinsky* factors.

The Court also previously denied approval of the Settlement because it contained an overbroad liability release clause that was not "fair and reasonable" under *Cheeks*.  Order at 4.  The Court finds that the Revised Settlement's liability release provision is sufficiently circumscribed to the parties and actions that are the subject of the instant dispute.  Whereas the Settlement released a host of entities beyond Defendants, including "all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents," Settlement ¶ 2, the Revised Settlement is limited to "discharg[ing] Defendants," Revised Settlement ¶ 2.  Likewise, with regard to the claims being released, the Settlement released Defendants

> from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind that Plaintiffs may have against any or all Released Parties up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., and the New York Labor Law; including without limitation claims for unpaid wages, spread of hours premiums, and/or overtime compensation arising under the Fair Labor Standards Act.

Settlement ¶ 2.  By contrast, the Revised Settlement's provision only releases Defendants "from any and all claims pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., and the New York Labor Law., that *arise out of the same facts that give rise to the claims in this action*."  Revised Settlement ¶ 2 (emphasis added).  Lastly, the Revised Settlement contains a reciprocal release provision "discharg[ing] Plaintiffs from any and all claims arising out of Plaintiffs' employment by Defendants."  *Id.*  The Court finds, therefore, that the revised liability release is "fair and reasonable" under *Cheeks*, and shall approve the Revised Settlement.

4

## CONCLUSION

For the foregoing reasons, the parties' request for approval of the Revised Settlement is GRANTED. The Clerk of Court is directed to terminate all pending motions and to close the case.

SO ORDERED.

Dated: December 13, 2023
      New York, New York

_____
ANALISA TORRES
United States District Judge